IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONNIE JACKSON,
    Prisoner # 083419
    Plaintiff,[1]

vs.                                        Case No. 3:10cv344/WS/EMT

SANTA ROSA CORRECTIONAL INSTITUTION,
    Defendant.
_____/

## **ORDER**

    Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1).

    Plaintiff failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages

---

[1] In his complaint, Plaintiff identifies himself as "Ben-Shalom Yisrael A/K/A Donnie Jackson" (Doc. 1 at 1). The envelope in which the complaint was mailed indicates that Plaintiff's Florida Department of Corrections ("DOC") prisoner number is # 083419 (*id.* at 3). The DOC's website reflects that this prisoner number is assigned to Donnie Jackson; no other legal name is identified.

    It is well-settled that prisoners retain the right to the free exercise of religion. *See* Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000). In *Hakim*, the Eleventh Circuit held that a "dual-name policy" for prisoners who have their names legally changed during a period of incarceration, i.e., use of both a commitment name (the name on the judgment of conviction) and a religious name, satisfies "an inmate's free exercise claim involving use of a religious name." *Id.* at 1248. Here, however, it does not appear that Plaintiff has obtained a legal name change and thus that he is entitled to use a dual name. To avoid confusion, including the misdelivery of Plaintiff's mail, the court will refer to Plaintiff only as he is identified in the DOC's records. The clerk will be directed to alter the docket accordingly; as shown above, the court has changed the style of this order to reflect the sole name of the Plaintiff. If Plaintiff is able to demonstrate to the court that he is entitled to be identified both as Donnie Jackson and Ben-Shalom Yisrael, the court will reconsider this determination.

explaining the facts that underlie the complaint.

Additionally, the court notes that Plaintiff has neither paid the filing fee nor submitted a motion to proceed in forma pauperis. Before this matter may proceed, Plaintiff must either pay the fee or obtain leave to proceed in forma pauperis by filing a fully and properly completed motion and attachments.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without

Case No. 3:10cv344/WS/EMT

leave of court.

Accordingly, it is **ORDERED**:

1. As the style of this order reflects, the docket shall show that the sole name of the Plaintiff in this case is Donnie Jackson.

2. The clerk shall send Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District. This case number should be written on the forms.

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff must shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint." Additionally, Plaintiff shall (1) pay the filing fee of $350.00, or (2) submit a fully completed motion to proceed in forma pauperis with the requisite prisoner consent form and financial certificate, including an attached computer printout of the transactions in his prison account.

4. Plaintiff's failure to file an amended complaint, and pay the filing fee or submit a completed motion to proceed in forma pauperis may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 13th day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**