IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONNIE JACKSON,
    Plaintiff,

vs.                                                Case No. 3:10cv344/WS/EMT

SANTA ROSA CORRECTIONAL INSTITUTION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on September 8, 2010 (Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 8).

The court takes judicial notice of three cases previously filed by Plaintiff: Case No. 3:98cv225/RV/SMN (Northern District of Florida); Case No. 3:01cv129/LAC/SMN (Northern District of Florida); and Case No. 1:97cv1773-JWK (Southern District of Florida).[1] The first and third of these cases were dismissed by the district court for failing to state a claim upon which relief may be granted, and the second was dismissed as malicious. Plaintiff was incarcerated at the time of filing each of those cases.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The inmate number of the plaintiff in those cases (#083419) is the same as Plaintiff's.

28 U.S.C. § 1915(g). Plaintiff's status as a "three striker" has been recognized by the United States District Court for the Middle District of Florida. *See* <u>Ben-Shalom Yisrael, A/K/A Donnie Jackson v. Warden M. Singer</u>, Case No. 3:08-cv-713-J-12MCR (M.D. Fla. November 3, 2008).

In the instant complaint, Plaintiff appears to allege that he has been subject to retaliation since his transfer to Santa Rosa Correctional Institution, where is presently is housed, based on disciplinary reports he received at another facility. According to Plaintiff, his grievances have gone unanswered, he has been placed on management loaf and strip status, and he has suffered "threats including confiscating property" (Doc. 7 at 5). Plaintiff also complains that the chaplain has "constantly mixed up [the] schedule to fast for Hebrew-Israelites, avoid[s] communicating with temple elders, prohibit[s] turbans, and den[ies] religious reading material . . . ." (*Id.*). Additionally, Plaintiff asserts that the mailroom staff and the security inspector have confiscated his outgoing mail and written him disciplinary reports. Plaintiff also appears to allege that he was denied medical care within twenty-four hours to assess him for HIV after he was bitten by a cellmate and that he received nothing to eat for twenty-four hours when a mistake was made regarding the proper fast day for Hebrew-Israelites (*id.* at 6). Plaintiff seeks an immediate transfer, monetary damages, and other relief (*id.* at 7).

The court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g) as he alleges no facts suggesting he is under imminent danger of serious physical injury. Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 8) is **DENIED**.
2. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT**

**PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 21st day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**